IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 25, 2005


**CLYDE EDWARDS v. SARAH ANN EDWARDS**


**Appeal from the Chancery Court for Unicoi County**
**No. 6609    G. Richard Johnson, Chancellor**

**Filed August 25, 2005**

**No. E2004-02490-COA-R3-CV**


D. MICHAEL SWINEY, J., concurring in part and dissenting in part.


I concur completely with the majority's resolution of Appellant's first issue. I, respectfully, dissent from the majority's decision as to Appellant's second issue.

I believe the Trial Court erred in not finding a material change in circumstances sufficient to justify a modification of the alimony award. As shown by Wife's testimony at the original hearing, she was crystal clear in testifying that she had no income of any kind whatsoever at the time of the divorce. It is now undisputed that Wife's income has increased from zero dollars per month to $836 per month, surely a material change of circumstances under these facts.

While this issue certainly could have been presented in a better way to the Trial Court, I respectfully disagree with the majority's view that the Trial Court did not consider and resolve this issue. For example, as quoted by the majority on page two of its Opinion, the Trial Court specifically found in its order entered on August 29, 2003 "that the relative positions of the parties, their health, financial standing and standard of living has not changed since the entry of the Decree of Divorce." I can read this language of the Trial Court to be nothing other than a finding that somehow the "financial standing" of Wife had not changed despite the fact that Wife's income had increased from zero dollars per month to $836 per month. It is clear that the Trial Court must have considered the issue of any change in Wife's "financial standing" for the Trial Court to determine that no such change had occurred. While I agree with the majority's statement on page five of its Opinion that Husband at no time prior to the Trial Court's order of August 29, 2003 moved to amend his motion, I believe the Trial Court's order itself makes it clear that the Trial Court both received proof on the change in Wife's financial standing and then made a specific finding that there was no

change in Wife's financial standing despite her increase in income from zero dollars to $836 per month. I would hold that the Trial Court's language in its order clearly shows this issue was tried by implication, and, in fact, decided by the Trial Court.

Likewise, I think the Trial Court's order disposing of Husband's Motion to Alter or Amend once again shows it considered this issue but simply ruled against Husband. As quoted by the majority, on page six of the Opinion, the Trial Court in declining to grant Husband's motion stated that it found "no change in circumstances meriting any modification or elimination of alimony." The Trial Court did not say it was exercising its discretion in denying the Motion to Alter or Amend by applying the Rule 59.04 standard, *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003), but instead specifically found that no material change of circumstances sufficient to justify modification or elimination of the alimony was present. It is this finding by the Trial Court that there was no material change of circumstances sufficient to merit modification or elimination of the alimony that was error as the evidence clearly preponderates against that finding. I would hold that it was error for the Trial Court to find there was no material change in circumstances, and, therefore, it was error not to modify the amount of the alimony awarded to Wife.

I do not believe this to be a "phantom" issue as characterized by the majority. I believe the issue of whether Wife's "financial standing" had changed because of her increased income was one that was tried to the Trial Court and specifically decided by the Trial Court. It is telling that Wife stated in her Motion To Set Aside Order Terminating Alimony filed on October 10, 2002, "[t]hat [Wife's] only source of income now and since the time of the parties' divorce has been the monthly alimony paid by [Husband], that her circumstances have not changed at all since the entry of Final Decree and that she resides with her daughter out of necessity, not out of convenience." In short, by filing this motion to set aside order terminating alimony, Wife specifically placed at issue any change in her income as a material change of circumstances when she alleged that her "only source of income now and since the time of the parties' divorce has been the monthly alimony paid by [Husband]. . . ."

As to the majority's noting that there was "some suggestion in the record that Husband, who had also worked for the railroad, was aware, at the time of the parties' divorce, that, once divorced from him, Wife would be eligible for a pension by virtue of her first husband's service with the railroad", I respectfully disagree. Either the Trial Court considered and decided this issue of Wife's change of circumstances due to her increased income, or, as the majority holds, it did not. The majority claims that "[t]he trial court in the instant case seems to have believed that this was what Husband was trying to do", holding this issue in "reserve". I find nothing in the record of the original hearing to suggest anything as to Wife's income other than Wife's very clear and explicit testimony that she was receiving no income and her daughter's testimony that she didn't know if her mother would be eligible for a pension on the account of her late husband after this divorce. I find no such "suggestion" as to Husband's knowledge, but instead choose to rely upon the actual testimony of Wife that she had no other income. I believe Wife's testimony to have been clear, and I believe her testimony was intended to show that she had no income and her alimony should be based upon her having no income. She was successful. I am puzzled how Husband is to be charged

with being aware of Wife's ability to collect this future income but somehow Wife did not know about it.

For these reasons, I would affirm the Trial Court's decision as to Husband's first issue, but I would reverse the Trial Court's decision finding there was no material change in circumstances sufficient to modify the alimony, and I would modify the alimony by reducing it accordingly.

_____
D. MICHAEL SWINEY, JUDGE